**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**  )<br>  10 S. Howard Street, 3rd Floor  )<br>  Baltimore, MD  21201,  )<br>   )<br>  **Plaintiff,**  )<br>   )<br>  **v.**  )<br>   )<br>  **XPO Last Mile, Inc.**  )<br>  6735 Business Parkway  )<br>  Suite D  )<br>  Elkridge, MD 21075  )<br>   )<br>  **Defendant.**  ) | **Civil Action No.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Tzvi McCloud ("McCloud") who was adversely affected by such practices.

As alleged with greater particularity in paragraph 12 below, the Equal Employment Opportunity Commission alleges that Defendant, XPO Last Mile, Inc. denied religious accommodations to Tzvi McCloud, who is Jewish, and denied him hire based upon his inability to work on Rosh Hashanah. As a result of the discriminatory practices by Defendant, McCloud has suffered severe emotional distress damages and back pay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant XPO Last Mile, Inc. ("Defendant"), a District of Columbia Non-Profit Corporation, has continuously been doing business in the State of Maryland and the County of Howard, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, McCloud filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On March 21, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join

with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On April 27, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least September 16, 2016, Defendant engaged in unlawful employment practices at its Elkridge (Howard County) offices, where it denied McCloud's request for a religious accommodation and denied him hire, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against Massey on the basis of religion, Jewish, as follows:

   a) McCloud is Jewish and celebrates Rosh Hashanah. In 2016, Rosh Hashanah fell on October 3.

   b) Defendant is a logistics company that specializes in the delivery of complex items such as office furniture, home furnishings and fitness equipment.

   c) On or around Friday, September 16, 2017, Defendant interviewed and hired McCloud for a position as a dispatcher/customer service employee.

   d) On or around Friday, September 23, 2017, Defendant made McCloud an offer of employment that was conditioned on passage of a drug screen and background check. McCloud accepted the offer and underwent the drug screen and background check.

e) Late in the afternoon on Friday, September 30, 2016. Defendant's Operations Manager called McCloud to inform him that his drug screen results and background check were acceptable and that he was required to start work on Monday, October 3, 2016.

f) McCloud informed the Operations Manager that he could not start on Monday, October 3, 2016 because he celebrated the Jewish holiday Rosh Hashanah. The Operations Manager stated that he thought it would be acceptable for McCloud to start Tuesday, October 4, 2016.

g) Later in the evening on Friday, September 30, 2016, Defendant's Market Vice President called McCloud and told him he would not receive an accommodation for his religious practices and must report to work on Monday, October 3, 2016. The Market Vice President stated that the company only honored federal holidays and if he gave McCloud a religious accommodation he would have to extend one to other employees.

h) Due to his obligatory religious observance, McCloud did not appear for work on Monday, October 3, 2016. McCloud appeared for work on Tuesday, October 4, 2016 but was sent home.

i) On or about October 10, 2016, Defendant revoked McCloud's offer of employment because he was unable to work on Rosh Hashanah.

13. The effect of the practices complained of in paragraph 12 above has been to deprive McCloud of equal employment opportunities, deny him hire and otherwise adversely affect his status as an employee because of his religion, Jewish.

14. The unlawful employment practices complained of in paragraph 12 above were intentional and were done with malice or with reckless indifference to McCloud's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of religion, including that it will comply with all aspects of Title VII.

D.  Order Defendant to make McCloud whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

E.  Order Defendant to make McCloud whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, their losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendant to pay McCloud punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
_____
ERIC S. THOMPSON
Trial Attorney
Ohio Bar No. 0071956

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2232
Fax: (410) 962-4270