IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>XPO Last Mile Inc.,<br><br>Defendant. | Civil Action No:<br>1:17-cv-01342-JKB |

CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant XPO Last Mile, Inc. (XPO) alleging that Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by denying Charging Party Tzvi McCloud ("McCloud") a religious accommodation and terminating his employment because of his religion (Jewish). Defendant XPO denies the allegations.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due

consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Tzvi McCloud ("McCloud"). This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. The Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of three years, the duration of the Decree may be extended. When the Decree is entered, this case will be dismissed, with prejudice, by the parties.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Monetary Relief

4. Within thirty days of entry of this Decree, Defendant shall pay Tzvi McCloud monetary relief in the total amount of $94,541.30 representing $12,324.80 in back pay, $12,216.50 in front pay and $70,000 in non-pecuniary compensatory and punitive damages. Defendant will issue McCloud an IRS Form 1099 for the 2018 tax year for the compensatory damages amount and an IRS W-2 form for the 2018 tax year for the back and front pay amount. The Defendant shall make all legally required withholdings from the back pay amount and

required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

Within five days of the execution of the Decree, the EEOC shall provide Defendant with McCloud's current address. The check will be sent directly to McCloud. A photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201, Attention: Eric S. Thompson.

### Injunctive Relief

5.  Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby are enjoined from denying employees religious accommodations, except where undue hardship exists, and terminating employees based on religion in violation of Title VII. Title VII states that it shall be an unlawful practice for an employer to:

> Fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual ... because of such individual's ... religion.

Title VII, Section 703(a).

> The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

Title VII, Section 701(j).

### Written Policies & Procedures

3

6. Within 30 days of the entry of this Decree, Defendant will implement and maintain a detailed policy against religious discrimination. The policy shall clearly prohibit terminating an employee based on religion or failing to grant a religious accommodation absent demonstrated undue hardship.

7. The policy required by Paragraph 6, above, shall include at least the following content: (a) a description of the duty to accommodate genuinely held religious beliefs under Title VII, absent undue hardship; (b) a discussion of the meaning of the phrase "genuinely held" religious belief; (c) a statement to the effect that a genuinely held religious belief need not conform to any particular orthodoxy or religious doctrine or textual interpretation, nor need it flow from membership in any particular religion, in order to be the subject of the Title VII religious accommodation requirement. Genuinely held religious beliefs that do not conform to majority beliefs, accepted doctrine of a particular religion, or views that might be formed by an objective observer are covered by the Title VII religious accommodation requirement. Religious beliefs that are unique to a particular individual are covered by the Title VII religious accommodation requirement; (d) a discussion of best practices for identifying potential religious accommodations that will eliminate the conflict between a genuinely held religious belief and some aspect of an individual's employment; (e) a statement of the importance of interactive communication with employees requesting religious accommodation and employer flexibility in discussing potential solutions that resolve the conflict between a genuinely held religious belief and some aspect of an individual's employment; (f) a description of the undue hardship standard; (g) a requirement that decisions to deny religious accommodation by management personnel assigned to particular facility must be reviewed and approved by a superior who shall be an officer or high-level management designee in the human resources department; (h) a procedure

for management personnel or other managers to seek assistance regarding a request for religious accommodation; (i) a reasonable procedure for employees to request religious accommodations; and (j) a requirement that human resources compile an internal technical assistance database identifying religious accommodations that have been granted to employees in the past, the jobs for which the accommodation was granted, and point of contact information for management personnel who implemented the accommodation.

8. Defendant will distribute a copy of the written policies and procedures described in paragraph 7 above to all employees in the following facilities: Oxford, MA, Elkridge, MD, Beltsville, MD, Richmond, VA, Sterling, VA, Montgomeryville, PA, Avon, MA, Wallingford, CT, Elizabeth, NJ, and Guilderland Center, NY, within 30 days of the entry of this Decree.

### Notice and Posting

9. Defendant will display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place visually accessible to applicants and employees of the Defendant.

10. Within 30 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers in the following facilities: Oxford, MA, Elkridge, MD, Beltsville, MD, Richmond, VA, Sterling, VA, Montgomeryville, PA, Avon, MA, Wallingford, CT, Elizabeth, NJ, and Guilderland Center, NY, a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by Defendant's Chief Executive Officer.

### Anti-Discrimination Training

11. Within nine months from the entry of this Decree, Defendant shall provide at least 90 minutes of training on Title VII for all supervisory and management employees in the following facilities: Oxford, MA, Elkridge, MD, Beltsville, MD, Richmond, VA, Sterling, VA, Montgomeryville, PA, Avon, MA, Wallingford, CT, Elizabeth, NJ, and Guilderland Center, NY. The training will cover all areas of prohibited Title VII employment discrimination, but will include special emphasis on discrimination based on religion and religious accommodations. The content of the anti-discrimination training is set forth in Appendix B.

   a. The training shall be conducted by a licensed attorney with employment law experience selected by Defendant and approved by the EEOC.

   b. Within ten business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that Defendant has complied with the training requirement set forth in paragraph 11 and its subparts.

## Additional Monitoring Provisions

12. For the duration of this Decree, Defendant shall maintain records of all instances in which an applicant or employee at Defendant's Elkridge location requested a religious accommodation. Within three months of the entry of this Decree, and every year thereafter, Defendant shall provide EEOC with a written report containing, at a minimum, the name, address, and telephone number of the person who requested the accommodation, the nature of the accommodation and a statement of whether the accommodation was granted or denied. If the request is denied the report shall further state the reason for the denial. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

13. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's

premises, its records, and interviews with employees at reasonable times. Upon fifteen business days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC and employees sought to be interviewed by the EEOC.

14. All materials required by this Decree to be sent to the EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Eric S. Thompson, Trial Attorney
> 10 S. Howard Street, 3rd Floor
> Baltimore, Maryland 21201

15. The Commission and Defendant shall bear their own costs and attorneys' fees.

16. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

/S /
_____
Jena S. Cottreau, Esquire
Constangy, Brooks, Smith
& Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033

FOR PLAINTIFF:

James L. Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

/S/
_____
Debra M. Lawrence
Regional Attorney

/S/
_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/S/

7

        Eric S. Thompson
        Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Baltimore Field Office
        10 S. Howard Street, 3d Floor
        Baltimore, MD 21201

So Ordered,

*/s/ James K. Bredar   1/25/18*

James K. Bredar
United States District Court Judge